Chief Justice Robertson
delivered the opinion of the Court.
Samuel West prosecutes this writ of error, to reverse a judgment of the Madison circuit court, rendered against him for ,§600, as the surety of Richard Plaines, in a recognizance for the appearance of Haines to answer an indictment for “gaming.”
Three writs of scire facias were issued, on each of which the return was “nihil.” The first and last were directed to the sheriff of Madison county, in which the prosecution was pending. The other was directed to, and returned by the sheriff of Pulaski county.
The writs which were directed to the sheriff of Madison, do not correspond in their description of the recognizance. The first describes it asa recognizance entered into by Richard West and Samuel West, the last describes it as a recognizance acknowledged by Richard Haines and Samuel West. As, therefore, these two writs do not describe the same recognizance, the returns upon them alone, did not authorize the judgment. There must be either personal service, or two returns of “nihil” on writs on the same recognizance, before the court can legally render judgment against a cognisor, consequently, there has neen only one “nihU” in this cere retained by the *642 sheriff of Madison, so far as this court can judicially know or determine.
The scire fa-cias must be directed to the county in which (he pros'ecutionis depending, orín which the party resides, and there must be a.return of two ítnifá/si5 by the same officer tojusli-Cy judgment.
A l-eaogni-pe"r toan-P" swer an indictment fot ‘Gamin*1,’invalid. No law authorizing an indictment for ‘gaming.’
No judgment can be enter-edanare-forlfeU’d'when ’the charge is not -such as wil1 warrant a criminal prosecution,
*642 The scire facias must be directed to the sheriff of the county in which the prosecution is pending, unless the cognisor reside in some other county. A judgment, cannot In: rendered on the recognizance, until two nihils shall have been returned by the sheriff of the same county. Wore any other doctrine tolerated, there would be no necessity for requiring two “nihilsand after a return of one nihil, judgment might be fraudulently obtained by sending another writ to another county, in which it was known that the cognisor would not be found, and although it might be known that a second writ directed to the sheriff who returned the first, might be executed.
As, therefore, only one return of nihil by the sheriff of Madison can he recognized, the return by the sheriff of Pulaski cannot supply the second nihil required by law. Wherefore, the judgment was premature.
The recognizance does not appear in the record. and therefore, we must consider it as correctly described in the writs. They all describe it as an undertaking for the appearance of the principal to answer a charge of “gaming.” Such a recognizance wou}(j be invalid. We know of no law which author- . . ,. , . lzes an indictment, ora recognizance for “gaming.A person may be indicted for permitting gaming in bjs house, or for setting up, or keeping a prohibited gaming table or bank. But there is an essential difi ference between these offences and the simple act of playing a game, or merely gaming. An indictment for “gaming’’’ would not be good.
A recognizance to answer a charge, for which a prosecution cannot be maintained, should not be enforced.
Neither the recognizance nor the scire facias upon it will be sufficient to authorize a judgment against the principal or security, unless (he charge appears to be sucb as n)!ij be the subject of a criminal pros-ecuii°n, and which requires bail, it is not necessary to recite the specific charge. To answer a charge of .felony, would be sufficiently explicit, hecauseforevcry *643 te'lony an indictment will lie. But an indictment will not lie on every charge of “gaming.” Indeed, no 'indictment can be maintained on the general fion of “gaming.”
0'wsley, for plaintiff; Denny, attorney general for Commonwealth.
It does not, therefore, appear in this case, that Haines was indicted for any offence made punishable by indictment, or for any act for which he could have been legally required to give bail. He was not bound therefore, to appear, and consequently, neither himself nor his surety should be held responsible on the recognizance.
Wherefore, the judgment of the circuit court on the recognizance, is reversed, and the case remanded for a- judgment to be entered dismissing the scire facias.